UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FELICIA WILLIAMS, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

BIRDSONG CORPORATION, *doing business as* Birdsong Peanuts,

Defendant.

Civil No. 2:25cv464

# FINAL ORDER

Pending before the Court is a Motion for Leave to File Second Amended Class Action Complaint (the "Motion") filed by Plaintiff Felicia Williams, *individually and on behalf of all others similarly situated* ("Plaintiffs"). Mot., ECF No. 18. Therein, Plaintiffs move the Court for an order granting Plaintiffs leave to file a Second Amended Class Action Complaint in this case. *Id.* at 1. Defendant Birdsong Corporation, *doing business as* Birdsong Peanuts ("Defendant") did not file a response to the Motion and the time to do so has expired.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B), and by order of reference dated May 5, 2026, this matter was referred to United States Magistrate Judge Lawrence R. Leonard ("Judge Leonard") for a report and recommendation ("R&R"). Order, ECF No. 20. On June 16, 2026, Judge Leonard filed an R&R wherein he recommended that the Motion be granted and that Plaintiffs be granted leave to

file the Second Amended Class Action Complaint. R&R at 7, ECF No. 21. Each party was advised of the right to file written objections to the R&R made by Judge Leonard within 14 days. *Id.* at 8. Neither party filed any objections. The Motion is therefore ripe for adjudication.

When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. Fed. R. Civ. P. 72(b)(3). However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (advisory committee's note on rules—1983).[1] The Court has reviewed the Motion, the R&R, the record, and the governing law, and finds no clear error on the face of the record.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R (ECF No. 21) is **ACCEPTED** and **ADOPTED**.
2. The Motion (ECF No. 18) is **GRANTED**.
3. The Clerk is **DIRECTED** to docket the Second Amended Class Action Complaint (ECF No. 19-1).[2]

---

[1] "The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review." *Berry v. Hunt*, 13 F. App'x 148, 149 (4th Cir. 2001). As Plaintiffs and Defendant were so warned, *see* R&R at 8, ECF No. 21, and did not file objections, appellate review of this Order has been waived.

[2] On September 16, 2025, Plaintiffs filed their Amended Complaint (the "Amended Complaint"). Am. Compl., ECF No. 12. On September 30, 2025, Defendant filed its Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "Motion to Dismiss"). Mot., ECF No. 13. As the instant Order directs the Clerk to docket the Second Amended Class Action Complaint, the Amended Complaint is no longer the operative

The Clerk is **DIRECTED** to please provide a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

September 30, 2026
Norfolk, Virginia

complaint in this case. Accordingly, the Motion to Dismiss (ECF No. 13) is **DISMISSED as moot**.